## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | **CHAPTER 7** |
| : | |
| **FREDRICK W. MILLS** : | **BANKRUPTCY NO. 23-13927(PMM)** |
| : | |
| **Debtor** : | |
| : | |
| **ROBERT W. SEITZER, in his** : | |
| **capacity as the Chapter 7 Trustee for the** : | |
| **Estate of FREDRICK W. MILLS** : | |
| : | |
| **Plaintiff** : | |
| : | |
| **v.** : | **ADVERSARY NO. 24-** |
| : | |
| **JUSTIN MILLS** : | |
| : | |
| **Defendant** : | |
| : | |

### COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Frederick W. Mills (the "Debtor"), by and through his counsel, Karalis PC, hereby brings this Complaint against Justin Mills (the "Defendant"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1.     The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a fraudulent transfer made to the Defendant.

2.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334.   This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3.       Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4.       The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5.       The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6.       The Defendant is an individual residing at 1200 Lincoln Avenue, Unit 31, Prospect Park, PA 19076.

7.       The Defendant is the Debtor's son.

## STATEMENT OF FACTS

**A.       Procedural Background.**

8.       On December 29, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

9.       On January 3, 2024, the Trustee was appointed which appointment remains in effect.

**B.       The Transfer.**

10.      On or about December 10, 2020, the Debtor sold residential real property located

2

at 3275 Holme Avenue, Philadelphia, PA 19114 (the "Property").   The ALTA Settlement

Statement – Combined is attached hereto as Exhibit "A" and made a part hereof.

11.    Shortly thereafter, on or about December 22, 2020, the Debtor gave the Defendant

the proceeds from the sale of the Property in the amount of $47,412.66 (the "Transfer").

12.    The Debtor's Statement of Financial Affairs for Individuals Filing for Bankruptcy

(the "SOFA") filed on January 23, 2024 reflects as follows "… At the time of the sale, the proceeds

were approximately $47,000 that went to Debtor's son".   The SOFA is attached hereto as Exhibit

"B" and made a part hereof.

13.    At the time of the Transfer, the Debtor had significant liabilities owed to Bank of

the West and various credit card companies.

**COUNT I**

**To Avoid and Recover Actual Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550**

14.    The Plaintiff repeats and realleges each and every allegation contained in paragraph

1 through 13 hereof as if fully set forth herein at length.

15.    A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use

of state law through the portal of 11 U.S.C. § 544(b)(1).   In pertinent part, this statutory provision

states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property
> or any obligation incurred by the debtor that is voidable under applicable law by a
> creditor holding an unsecured claim that is allowable under section 502 of this title
> or that is not allowable only under section 502(e) of this title . . .

*See*, 11 U.S.C. § 544(b)(1).

16.    The requisite state law theory that the Plaintiff seeks to apply in this action to avoid

the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the

3

"PUVTA"), which reads, in relevant part, as follows:

(a)    General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1)    with actual intent to hinder, delay or defraud any creditor of the debtor . . .

(b)    Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
(1)    the transfer or obligation was to an insider;
(2)    the debtor retained possession or control of the property transferred after the transfer;
(3)    the transfer or obligation was disclosed or concealed;
(4)    before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5)    the transfer was of substantially all the debtor's assets;
(6)    the debtor absconded;
(7)    the debtor removed or concealed assets;
(8)    the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9)    the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10)   the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11)   the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

*See*, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

17.    In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

18.    In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within the applicable time-limitation period.    The Transfer occurred within four (4) years of the Petition Date.

19.    As set forth herein, the Debtor owes obligations to Bank of the West and others. Thus, there were creditors of the Debtor as of the Petition Date.

4

20.    As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfer to the Defendant.

21.    Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

22.    That being so, the Plaintiff believes and therefore avers that the Debtor made the Transfer to the Defendant with actual intent to hinder, delay or defraud his creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

23.    The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud his creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

   (a)    The Debtor received no reasonably equivalent value for the Transfer;

   (b)    The Transfer was made to the Defendant who is an insider;

   (c)    The Transfer occurred when the Debtor was having financial difficulties;

   (d)    The Transfer occurred when the Debtor had been sued or threatened with suit;

   (e)    The Transfer was substantially all of the Debtor's assets; and

   (f)    The Transfer occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the Transfer.

24.    In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfer to the Defendant he would be unable to meet his obligations to his creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the

5

Defendant in accordance with 11 U.S.C. §§ 544(b)(1) and 550 and 12 Pa. C.S.A. §§ 5104(a)(1) and (b) as follows:

(a)    Declaring that the Transfer be set aside and declared void;

(b)    Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

(c)    Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d)    Awarding pre- and post-judgment interest;

(e)    Awarding the Plaintiff his costs and reasonable attorneys' fees; and

(f)    Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Avoid and Recover Constructive Fraudulent Transfer
### Pursuant to 11 U.S.C. §§ 544 and 550

25.    The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 24 hereof as if fully set forth herein at length.

26.    A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1).   One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

(a)    General rule. — A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
. . .
(2)    without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
(i)    was engaged or was about to engage in a business or a

6

> transaction for which the remaining assets of the debtor were
> unreasonably small in relation to the business or transaction; or
> (ii)    intended to incur, or believed or reasonably should have
> believed that the debtor would incur, debts beyond the debtor's
> ability to pay as they became due . . .

*See*, 12 Pa. C.S.A. § 5104(a)(2).

27.    The other state law theory that the Plaintiff seeks to apply in this action is found at

§ 5105 of the PUVTA.    In pertinent part, it provides as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor
> whose claim arose before the transfer was made or the obligation was incurred if
> the debtor made the transfer or incurred the obligation without receiving a
> reasonably equivalent value in exchange for the transfer or obligation and the
> debtor was insolvent at that time or the debtor became insolvent as a result of the
> transfer or obligation . . .

*See*, 12 Pa. C.S.A. § 5105.

28.    In this action, a review of the present set of facts shows that the Plaintiff is

empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

29.    In this action, a review of the present set of facts shows that the fraudulent transfer

claims being pursued by the Plaintiff occurred within four (4) years of the Petition Date.

30.    As already stated, a review of the present set of facts affirmatively demonstrates

that the Debtor made the Transfer to the Defendant.

31.    Specifically, a review of the present set of facts affirmatively demonstrates that the

Transfer constituted a transfer of an interest of the Debtor in property.

32.    Bank of the West was a creditor at the time of the Transfer and as of the Petition

Date.

33.    This being so, the Plaintiff believes and therefore avers that the Transfer was made

for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to

7

become insolvent as a result of the Transfer.

34.     In like manner, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

35.     At the same time, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond his ability to pay.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 550 and 12 Pa. C.S.A. §§ 5104(a)(2) and 5105 as follows:

    (a)    Declaring that the Transfer be set aside and declared void;

    (b)    Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

    (c)    Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

    (d)    Awarding pre- and post-judgment interest;

    (e)    Awarding the Plaintiff his costs and reasonable attorneys' fees; and

    (f)    Granting such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

**KARALIS PC**

By:   /s/ Robert W. Seitzer
     ROBERT W. SEITZER
     1900 Spruce Street
     Philadelphia, PA 19103
     (215) 546-4500
     rseitzer@karalislaw.com

     *Attorneys for the Plaintiff/Trustee*

Dated: April 17, 2024

# EXHIBIT "A"



American Land Title Association

ALTA Settlement Statement - Combined
Adopted 05-01-2015

File No./Escrow No.: CA20207670
Print Date & Time: 12/10/2020 02:05 PM
Officer/Escrow Officer:

Settlement Location:
9118 Frankford Avenue, Philadelphia, PA 19114

Chase Abstract Company
9118 Frankford Avenue
Philadelphia, PA 19114

Property Address: 3275 Holme Avenue, Philadelphia, PA 19114
Buyer: Manuela Ocampo-Throckmorton
Seller: Frederick Mills
Lender: Customers Bank

Settlement Date: 12/10/2020 11:30 AM
Disbursement Date: 12/10/2020
Additional dates per state requirements

| Seller | | Description | Borrower/Buyer | |
| Debit | Credit | | Debit | Credit |
| | | Financial | | |
| | $208,000.00 | Sale Price of Property | $208,000.00 | |
| | | Deposit | | $2,500.00 |
| | | Loan Amount | | $201,760.00 |
| $3,000.00 | | Seller Credit | | $3,000.00 |
| | | Prorations/Adjustments | | |
| | | City/Town Taxes from 12/10/2020 to 12/31/2020 | $129.58 | |
| | $129.58 | City/Town Taxes from 12/10/2020 to 12/31/2020 | | |
| | | Loan Charges to Customers Bank | | |
| | | Lender Credit to Customers Bank | $(232.23) | |
| | | Other Loan Charges | | |
| | | Origination Fee | $795.00 | |
| | | Appraisal Fee | | $95.00 |
| | | $495.00 POC Borrower | | |
| | | Appraisal RE Inspection Fee | $250.00 | |
| | | Credit Report | $164.23 | |
| | | Flood Cert | $7.00 | |
| | | Flood Life of Loan Monitoring | $3.00 | |
| $25.00 | | Title - Courier Fee to Chase Abstract Company | $25.00 | |
| $50.00 | | Title - Deed Prep Fee to Chase Abstract Company | | |
| | | Title - eDoc Fee to Chase Abstract Company | $65.00 | |

Copyright 2015 American Land Title Association
All rights reserved

Page 1 of 3

CA20207670
Printed On: 12/10/2020 02:05 PM EST

| | Seller's Debit/Credit | | Description | Borrower/Buyer Debit | Credit |
|---|---|---|---|---|---|
| | $30.00 | | Title - Notary Fee to Settlement Agent | $35.00 | |
| | $20.00 | | Title - Wire Fee to Chase Abstract Company | $20.00 | |
| | | | Prepaid Interest to Customers Bank | $363.66 | |
| | | | Impounds | | |
| | | | Aggregate Adjustment | | $347.06 |
| | | | Homeowner's insurance 3 mo @ $73.53/mo | $220.59 | |
| | | | Property Taxes 13 mo @ $179.64/mo | $2,335.32 | |
| | | | Title Charges & Escrow / Settlement Charges | | |
| | | | 200 NFI Visit with Chase Abstract Company | $100.00 | |
| | | | 300 Survey with Chase Abstract Company | $100.00 | |
| | | | 900 EPI Fees with Chase Abstract Company | $100.00 | |
| | | | Closing Protection with Chase Abstract Company | $125.00 | |
| | | | Lenders Policy with Chase Abstract Company | $1,606.40 | |
| | | | Owner's Policy with Chase Abstract Company | $34.20 | |
| | | | Commission | | |
| | $5,200.00 | | Real Estate Commission Buyer Broker to Giraldo Real Estate Group | | |
| | $5,200.00 | | Real Estate Commission Sellers Broker to Re/Max Access | | |
| | | | Government Recording and Transfer Charges | | |
| | $1,040.00 | | State Tax/stamps | $1,040.00 | |
| | | | Recording Fee (Deed) to Chase Abstract Company | $256.75 | |
| | | | Recording Fees (Mortgage) to chase Abstract Company | $726.75 | |
| | $3,409.12 | | City/County tax/stamps to City of Philadelphia | $3,409.12 | |
| | | | Payoff(s) | | |
| | $138,019.44 | | Lender: Payoff of First Mortgage Loan to Loan care LLC - Principal Balance as of 12/10/2020 $138,004.13 - Interest on Payoff Loan 3 days @ $5.1037/day for $5.31 | | |
| | | | Miscellaneous | | |
| | | | Homeowner's Insurance Premium to Allstate Insurance | $882.41 | |
| | | | Conveyancing Fee to Giraldo Real Estate Group | $195.00 | |
| | $145.00 | | U & O Cert to Re/Max Access | | |
| | $395.00 | | Broker Service Fee to Re/Max Access | | |
| | $2,500.00 | | Escrow for Judgment CP160601201 Payoff to Chase Abstract Company | | |
| | $838.65 | | Water Billing through 11/11 to Water Revenue Bureau | | |
| | $26.97 | | Water Billing from 11/11-12/10 to Water Revenue Bureau | | |
| | $819.95 | | Gas Billing to Philadelphia Gas Works | | |
| | $7.79 | | Water Reading 1409 to Water Revenue Bureau | | |

Copyright 2015 American Land Title Association
All rights reserved

CA2020767.0

Page 2 of 3

Printed On: 12/10/2020 02:05 PM EST



| Seller | | | | Borrower/Buyer | |
| Debit | Credit | | | Debit | Credit |
| $167,082? | $208,129.58 | | Subtotals | $220,256.48 | $207,502.06 |
| | | | Due From Borrower | | $12,754.42 |
| $47,012.66 | | | Due to Seller | | |
| $208,129.58 | $208,129.58 | | Totals | $220,256.48 | $220,256.48 |

**Acknowledgement**

We have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my/our account by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. I/we authorize to cause the funds to be disbursed in accordance with this statement.

_____
Mortgage Group, Inc.

_____
Elayne Cise

_____
Frederic Mills

_____
Escrow Officer

## EXHIBIT "B"

| Fill in this information to identify your case: | |
| --- | --- |

| Debtor 1 | **Fredrick W Mills** | | |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA | | |
| Case number (if known) | **23-13927** | | |

☐ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy
04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ■ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

    | Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
    | --- | --- | --- | --- |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
| --- | --- | --- | --- | --- |
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $15,950.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Debtor 1    **Fredrick W Mills**                                                          Case number *(if known)*    **23-13927**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | ☐ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | ☐ Wages, commissions, bonuses, tips | $19,555.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5.   **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐   No
    ■   Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Pension | $8,525.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | Pension | $9,300.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | Pension | $9,300.00 | | |

---

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6.   **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ☐   **No.**   Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?
    ☐   No.   Go to line 7.
    ☐   Yes   List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

    ■   **Yes.**   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?
    ■   No.   Go to line 7.
    ☐   Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Debtor 1    **Fredrick W Mills**                                      Case number (*if known*)   **23-13927**

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| | | | | |

**Part 4:   Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Discover Bank vs FREDERICK MILLS 202305075 | CIVIL JUDGMENT | COURT OF COMMON PLEAS - CIVIL | ☐ Pending ☐ On appeal ☐ Concluded |
| | | | - 11,283.00 |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ■ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
    ■ No
    ☐ Yes

| Debtor 1 | **Fredrick W Mills** | Case number (*if known*) | **23-13927** |
|---|---|---|---|

---

**Part 5:** **List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

**Part 6:** **List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

**Part 7:** **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Sadek Law Offices<br>1500 JFK Boulevard<br>Suite 220<br>Philadelphia, PA 19102 | Including filing fee ($338), credit counseling/debtor's education ($40) and credit report ($37) | December 28, 2023 | $2,500.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

Debtor 1    **Fredrick W Mills**                                                    Case number (if known)   **23-13927**

---

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Manuela Tirado**<br>**3275 Holmes Avenue**<br>**Philadelphia, PA 19114**<br><br>**No relation** | **3275 Holme Avenue**<br>**Philadelphia, PA 19114** | **$208,000**<br>**Debtor's son and childrem were living in the property from 2012 and were paying the mortgage and maintaining the property. At the time of sale, the proceeds were approximately $47,000 that went to Debtor's son.** | **December 22, 2020** |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1   **Fredrick W Mills**                                                    Case number *(if known)*   **23-13927**

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

   ■ No
   ☐ Yes. Fill in the details.

   | Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
   |---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

   ■ No
   ☐ Yes. Fill in the details.

   | Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
   |---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

   ■ No
   ☐ Yes. Fill in the details.

   | Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
   |---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

   ■ No
   ☐ Yes. Fill in the details.

   | Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
   |---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

   ■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

   ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

   ☐ A partner in a partnership

   ☐ An officer, director, or managing executive of a corporation

   ☐ An owner of at least 5% of the voting or equity securities of a corporation

---

| Debtor 1 | Fredrick W Mills | Case number *(if known)* | 23-13927 |

☐ **No. None of the above applies.**  Go to Part 12.

■ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **Mills Painting**<br>**408 Kinghtsbridge Court**<br>**Apt A2**<br>**Bensalem, PA 19020** | Interior house painting/some exterior | EIN:<br><br>From-To   **2019** |

28.  **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

## Part 12:  Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ Fredrick W Mills | |
|---|---|
| **Fredrick W Mills**<br>**Signature of Debtor 1** | **Signature of Debtor 2** |
| Date   **January 23, 2024** | Date |

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).